### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SCRIPTPRO LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2244-CM** |
| | ) | |
| **WAL-MART STORES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER

Plaintiff ScripPro, LLC brings this litigation against defendant Wal-Mart Stores, Inc. alleging defendant has infringed U.S. Patent No. 6,155,485, "the '485 Patent." This matter is before the court on plaintiff's Motion to Stay Case Pending Re-Examination of Patent In Suit (Doc. 46).

This matter was filed on June 13, 2005 and is in the discovery phase. In its Answer and Affirmative Defenses to Plaintiff's Complaint[1] (Doc. 5), defendant raises questions concerning the validity of the '485 Patent. On March 30, 2006, plaintiff filed a Request for Reexamination of the '485 Patent with the U.S. Patent Office ("PTO"). Plaintiff asks the court to stay this litigation pending the PTO's reexamination.

A motion to stay an action pending reexamination by the PTO is within the sound discretion of the court. *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, No. 96-2459-JWL, 1997 WL 94237, at *8, (D. Kan. Feb. 26, 1997) (citation omitted); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340,

---

[1] Defendant sought permission to file an Amended Answer, Affirmative Defenses, and Counterclaim alleging, among other claims, that the patent is invalid, unenforceable, and was procured by fraud (Doc. 40). The court granted defendant until March 17, 2006 to file its amended answer and counterclaim (Doc. 49), but defendant did not file an Amended Answer.

1342 (Fed. Cir. 1983).  "'[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of [the PTO]'s reexamination or reissuance proceedings.'"  *See id.* (quoting *ASCII Corp. v. STD Entm't USA*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).  Upon reexamination, the original patent may be upheld, invalidated, or amended.  35 U.S.C. § 307.

One purpose of the reexamination procedure is to eliminate trial of the validity issue or facilitate trial of the issue by providing the court with the expert view of the PTO.  *See Gould,* 705 F.2d at 1342.  Another purpose is to allow the validity of the patent to be tested in an "efficient and relatively inexpensive manner."  *See id.* (quoting H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980), *reprinted in* 1980 U.S.C.C.A.N 6460, 6463).  To that effect, the PTO must consider plaintiff's reexamination request within three months after it is filed.  35 U.S.C. § 303 (requiring a reexamination request to be considered within three months of its filing).  And, if granted, the reexamination must proceed expeditiously.  35 U.S.C. § 305 ("All reexamination proceedings . . . will be conducted with special dispatch . . . ").

Defendant argues that this matter should not be stayed during the reexamination because the PTO cannot consider all of defendant's arguments that the patent is invalid, specifically its argument that the patent was procured by fraud.  The court finds this argument unpersuasive.  Although the PTO cannot consider every issue before the court, it can consider issues that may resolve this lawsuit, such as the prior art issues.  The PTO's reexamination of the patent will simplify the issues in this litigation and provide the court with insight and expertise on the issues before it.  And thus, discovery and trial will also be simplified.  Staying the litigation does not prevent defendant from raising additional issues if the PTO upholds the patent, but it does prevent the parties and the court from litigating claims that the PTO can efficiently resolve or simplify.  The court finds that the

benefits of a stay outweigh any prejudice to defendant.

However, the purpose of a stay will be defeated if the reexamination proceedings are not conducted quickly and efficiently.  The reexamination request was filed more than three months ago and should have been considered by the PTO in June.  The court will not stay this litigation indefinitely.  Therefore, upon a ruling on the reexamination request, or in any event no later than September 8, 2006, the parties shall report the status of the reexamination request to Magistrate Judge James P. O'Hara via email sent to ksd_ohara_chambers@ksd.uscourts.gov.  The court may reconsider the stay if the reexamination request has not been considered.

After considering all of the evidence of record and the arguments presented by the parties, although they are not all discussed here, the court finds that a stay is warranted in this case pending an efficient reexamination proceeding.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Stay Case Pending Re-Examination of Patent In Suit (Doc. 46) is granted.

**IT IS FURTHER ORDERED** that the parties shall report the status of the reexamination request to Magistrate Judge James P. O'Hara via email upon a ruling on the reexamination request, or in any event no later than August 30, 2006.

Dated this 8th  day of August 2006, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**